**Louis V. CASERTA et al., Plaintiffs,**

**v.**

**Lawrence KELLY et al., Defendants.**

**Civ. A. No. G–77–153.**

United States District Court,
S. D. Texas,
Galveston Division.

Jan. 27, 1981.

Before GEE, Circuit Judge, and STERLING and HUGH GIBSON, District Judges.

---

562

## ORDER

█ Civil Action No. G–77–153 was originally filed on September 30, 1977. Named plaintiffs sought to void an incorporation election of August 13, 1977, in which a majority of voters voted in favor of incorporating the Village of Dickinson, Texas. Named plaintiffs alleged on their behalf, and on behalf of all others similarly situated, violations of: the Voting Rights Act of 1965, 42 U.S.C. § 1973 et seq.; 42 U.S.C. § 1983; the Fourteenth Amendment to the United States Constitution; and the Fifteenth Amendment to the United States Constitution. Plaintiffs also alleged pendent jurisdiction of a claim arising under Texas state law to void the incorporation election for failure to comply with Texas law, particularly Tex.Rev.Civ.Stat.Ann. art. 970a, § 8 A (1963).

Following an evidentiary hearing, the cause was certified as a class action pursuant to Rule 23, Fed.R.Civ.P.

Finding severable and distinct questions of law applicable to the case, the Court issued an Order of Severance on January 27, 1978. The order directed that those questions covered under the Voting Rights Act of 1965 were more properly before a three-judge court. The cause now before this panel for consideration is brought pursuant to the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973c and 28 U.S.C. § 2201, of which this Court has jurisdiction pursuant to 28 U.S.C. § 1343. Currently pending are the parties' cross-motions for summary judgment.

Plaintiffs claim that the defendants herein violated Section 5 of the Voting Rights Act by presenting an election of incorporation of the Village of Dickinson; that such election concerned matters which affect voting within the meaning of Section 5 of the Voting Rights Act; and, that such changes were made without preclearance as required by the Act.

On February 17, 1978, the United States of America instituted an action in the Southern District of Texas: *United States of America v. The Village of Dickinson, Texas, et al,* Civil Action No. G–78–35.

Said action was instituted pursuant to Section 5 of the Voting Rights Act of 1965, 42 U.S.C. § 1973c. The Government's complaint in G–78–35 was similar if not identical to that of the plaintiffs herein: that the elections to incorporate and elect village officials were changes which affected voting within the meaning of Section 5 without first satisfying the preclearance requirement.

On May 2, 1978, the parties to litigation in G–78–35 entered into a Consent Judgment finding that the elections in question did constitute changes within the meaning of Section 5 of the Voting Rights Act without the necessary preclearance and ordered the Village of Dickinson officials to make a Section 5 submission and obtain preclearance. By order dated April 2, 1979, Civil Action No. G–78–35 was dismissed upon a finding that the Consent Judgment had been fully complied with.

In support of its motion for summary judgment, defendants argue that their compliance with the consent decree in Civil Action N. G–78–35 and the subsequent dismissal of that action renders plaintiffs' lawsuit moot. Plaintiffs contend that the consent judgment in G–78–35 compels the entry of summary judgment in their favor, and further assert their entitlement to attorneys fees pursuant to 42 U.S.C. § 1973*l* (e).

After due consideration, this Court finds that the dismissal of Civil Action No. G–78–35, after full compliance by the defendants with the consent judgment in that case, renders plaintiffs' claim for relief moot. Accordingly, defendants' motion for summary judgment will be granted, insofar as it relates to the dismissal of this action, and plaintiff's motion for summary judgment will be denied, insofar as it seeks judgment on the merits.

Remaining before the Court, then, is the issue of attorneys fees. The question presented is whether the plaintiffs are prevailing parties for the purposes of the award provision of the Act, even though their lawsuit obtains no formal judicial re-

lief, in light of the resolution and dismissal of Civil Action No. G–78–35.

In cases arising under the Civil Rights Act, the Fifth Circuit Court of Appeals has instructed the courts of the circuit to focus upon the catalytic nature of the lawsuit in furthering the remedial purposes of the Act to determine entitlement to attorneys fees. *Robinson v. Kimbrough*, 620 F.2d 468 (5th Cir. 1980). In *Robinson* the Court held:

> Plaintiffs in a civil rights action may recover attorneys fees under the Act if their lawsuit was a significant catalytic factor in achieving the primary relief sought through litigation despite failure to obtain formal judicial relief.

*Id.* at 478. There being such a close nexus in both purpose and remedial nature between the Civil Rights Act and the Voting Rights Act, the Court is convinced that the test of focusing upon the catalytic nature of the suit is equally applicable to the entitlement of attorneys fees under 42 U.S.C. § 1973*l*(e).

The chronological sequence of events in this case and the final acquiescence of the defendants to a consent judgment in G–78–35 on identical substantive issues indicates to this panel that the plaintiffs herein have substantially achieved the primary relief sought and that their lawsuit was a significant catalytic factor in activating the Government to act against the defendants and resolve the conflict on the Voting Rights Act preclearance via consent judgment.

It is therefore ORDERED, ADJUDGED and DECREED that

(1) Defendants' Motion for Summary Judgment is GRANTED in part, as the substantive issues in this case have been mooted by the defendants' compliance with the consent decree entered in Civil Action No. G–78–35 and the subsequent dismissal of that action, and DENIED in part, as plaintiffs are entitled to attorneys fees pursuant to 42 U.S.C. § 1973*l*(e).

(2) Plaintiffs' Motion for Summary Judgment is GRANTED in part, with respect to attorneys fees, and is in all other respects DENIED.

(3) Within ten (10) days from the entry of this order, the parties will apprise the Court if the issues of attorneys fees will require hearing before the panel or can be submitted by stipulation for panel approval.